# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTIRCT OF DELAWARE

| | |
|---|---|
| WIRELESS DISCOVERY LLC,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ZOOSK, INC.,  )<br>    Defendants.  )<br>  )<br>  ) | Civil Action No. _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wireless Discovery LLC ("Wireless Discovery") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of 9,264,875 ("the '875 patent") (referred to as the "Patent-in-Suit") by Zoosk, Inc. ("Defendant" or "Zoosk").

### I.    THE PARTIES

1. Wireless Discovery LLC is a Delaware limited liability corporation with its principal address of P.O. Box 1435, Los Gatos, CA 95124.

2. On information and belief, Zoosk, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 475 Sansome Street, Fl 10, San Francisco, California 94111.

3. Defendant can be served through their registered agent, Corporation Serivce, Company located at 251 Little Falls Drive, Wilmington, Delaware 19808, at its place of business, or anywhere ese it may be found.

4. On information and belief, Defendant sells and offers to sell products and services throughout Delaware, including in this judicial district, and introduces products and services that

perform infringing methods or processes into the stream of commerce knowing that they would be sold in Delaware and this judicial district.

## II.     JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

6. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Delaware and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this judicial district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware and this District.

## III.    INFRINGEMENT

### A. Infringement of the '875 Patent

8. On February 16, 2016, U.S. Patent No. 9,264,875 ("the '875 patent", included as an attachment) entitled "Location-Based Discovery of Network Members by Personal Attributes For Alternate Channel Communication" was duly and legally issued by the U.S. Patent and Trademark Office.  Plaintiff owns the '875 patent by assignment.

9. The '875 patent related to novel and improved systems and methods for location-based discovery of network members.

10. The '875 patent's Abstract states, "User mobile devices are equipped to discover each other through an ad hoc network, based on their location and proximity or based on mobile network reporting to one another.  Locations may be reported through global positioning methods and cross-referenced by other users.  Following discovery and consent, the mobile devices are connected to one another via various means, other than the ad hoc network, and utilize functions provided by services such as SMS, E-mail, chat/instant messaging, multimedia, or video.  The users may be members of a common social network, and can thereby exchange social network attributes."

11. Zoosk, Inc. is listed as distributing company for Zoosk, for example, including but not limited to on Apple App Store and on Google Play Store. On information and belief, Zoosk, Inc. sells, markets and distributes Zoosk.

12. Defendant maintains, operates, and administers products and services that facilitate location-based discovery of network members that infringe one or more of claims 1-20 of the '875 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '875 patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.

Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

13. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit A.  These allegations of infringement are preliminary and are therefore subject to change.[1]

14. Defendant has caused and will continue to cause Plaintiff damage by direct infringement of the claims of the '875 patent.

### IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '875 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

---

[1] Plaintiff reserves the right to amed to assert indirect and willful infringement claims based on post-filing knowledge of the patent, as well as based on pre-suit knowledge if discovery reveals an earlier date of knowledge.

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g. award Plaintiff such other and further relief as this Court deems just and proper.

DATED: April 13, 2022

Respectfully submitted,

Chong Law Firm PA

*/s/ Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: chong@chonglawfirm.com

RAMEY & SCHWALLER, LLP

William P. Ramey, III *(pro hac vice anticipated)*
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Wireless Discovery LLC*